UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOLORES GALINDO,

        Plaintiff(s),                      No. C 03-3671 PJH

    v.                                **FINAL PRETRIAL ORDER**

AMERICAN AIRLINES,

        Defendant(s).

_____/

       Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.     MOTIONS IN LIMINE

    **Plaintiff's Motions:**

    1.    Motion to exclude evidence of and references to findings and conclusions of the EEOC and DFEH is GRANTED to the extent that there shall be no references to any such findings or conclusions other than the findings and conclusions contained in the parties' stipulation set forth below, and the documents themselves will not be admitted into evidence.

    2.    Motion to exclude evidence of and reference to plaintiff's conflict and problems with Greta Betteo is DENIED.

    **Defendant's Motions:**

    1.    Motion to deem certain facts, issues and findings established for trial pursuant to Rule 56(d) is DENIED. However, evidence pertinent to the previously summarily adjudicated claims will not be admitted at trial nor will plaintiff be able to introduce evidence which might give a misimpression to the jury about the result of plaintiff's unfounded allegations.

1

1  2. Motion to exclude evidence of or reference to plaintiff's damages for events
2     occurring prior to June 30, 2003, is GRANTED as unopposed.
3  3. Motion to exclude evidence of or reference to damages barred by the exclusive
4     remedy of Worker's Compensation is GRANTED as unopposed.
5  4. Motion to exclude administrative charges of discrimination or retaliation from
6     evidence at trial is GRANTED.  None of plaintiff's charges themselves will be
7     admitted, however, reference to the May 2002 charge will be permitted to the
8     extent that such reference comports with the parties' stipulation set forth below.
9  5. Motion to exclude evidence of or reference to a May 6, 2001 employee petition
10    regarding Mr. Baum is GRANTED.
11 6. Motion to exclude evidence of or references to other incidents of alleged
12    unlawful conduct directed toward employees other than plaintiff is GRANTED as
13    unopposed.

**Stipulation:**

In lieu of evidence of the EEOC and DFEH charges, findings and correspondence, the jury will instead be informed that the parties stipulate that plaintiff engaged in the protected activity of filing a complaint with the EEOC on May 2, 2003; that Mr. Baum subsequently received notice from the EEOC of its finding that no investigation was warranted and that it had closed its file and issued a right to sue notice; and that the jury is not to consider or speculate about whether the complaint was or was not valid.

Moreover, the court has ordered that while evidence pertinent to the previously adjudicated charges will not be admitted, evidence pertinent to plaintiff's performance of her job will be admitted, even though discrimination is not at issue, because of defendant's reliance on her performance, to some extent, to determine the criticality of her position.

II.  WITNESSES

As plaintiff's objections to witnesses was not discussed at the pretrial conference, defendant shall file any opposition to those objections by 5:00 p.m. on August 31, 2005 and the court will issue a written ruling on the objections before trial.

III. <u>EXHIBITS</u>

The parties are urged to stipulate to the admissibility of as many exhibits as possible and to advise the court of any stipulation at the commencement of trial.

IV. <u>DISCOVERY EXCERPTS</u>

The parties anticipate that only one witness may appear by deposition in lieu of a personal appearance. If that occurs, the parties shall jointly submit a deposition transcript on which the proffered excerpts have been highlighted as described in the order setting forth the court's trial rules which has been filed in conjunction with this order.

V. <u>VOIR DIRE</u>

The court will incorporate the jointly submitted proposed voir dire questions into its own set. However, the rather extensive questionnaire proposed by the parties will not be given; instead the jurors will be requested to complete the court's standard background questionnaire that was provided to the parties with the revised case management and pretrial order. Each party will be permitted thirty minutes for additional questioning following the court's questioning of the entire panel.

VI. <u>JURY INSTRUCTIONS</u>

The parties shall meet and confer in an effort to resolve plaintiff's objections to the "joint" set of instructions, and to reduce the number of instructions on retaliation. Any remaining objections will be heard at the charge conference after the commencement of trial.

VII. <u>VERDICT FORMS</u>

The disagreement about the form of verdict can be resolved by simply substituting the phrase "reduction in force resulting in plaintiff's termination" for the adverse actions proffered in each separately submitted verdict form. The parties shall meet and confer on this issue and submit a new joint verdict form on the first day of trial.

VIII. <u>TRIAL SCHEDULE AND TIME LIMITS</u>

The trial will take place over four court days, Monday, Tuesday, Thursday and Friday between the hours 8:30 a.m. and 1:30 p.m. with two fifteen minute breaks. Each party will be permitted 5 hours each for direct and cross examination of all witnesses. Opening statements, closing arguments, jury selection and instruction, and of course,

deliberations will not be included in this allotment.  The amount of time for trial may change if this case is reassigned for trial due to the undersigned's calendar conflict with criminal trials in September.

IT IS SO ORDERED.

Dated: August 26, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge