UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOLORES GALINDO,

        Plaintiff(s),

No. C 03-3671 PJH

    v.

**TRIAL RULES
AND PROCEDURES**

AMERICAN AIRLINES,

        Defendant(s).

_____/

In order to ensure the orderly and efficient presentation of the evidence at trial, the parties shall adhere to the following rules and procedures unless specifically ordered otherwise by the court.

    1.   <u>EXHIBITS</u>

The Case Management and Pretrial Order requires that all exhibits be **premarked** and **tabbed**, and that at least two sets of the exhibits be submitted prior to the pretrial conference. One of these sets of each parties' exhibits will be placed on the witness stand for use by each witness during direct and cross-examination.

However, for cases in which the number of exhibits from any party exceed one hundred, all parties shall **additionally** prepare separate binders containing the exhibits that will be used during the direct and cross examination of each witness. Binders shall be provided to each witness, to opposing counsel and to the court as each witness is called to testify.

With regard to those exhibits not included in the pretrial exchange (e.g. rebuttal exhibits), the parties shall have sufficient copies for the witness, opposing counsel and the court at the time of their introduction. Exhibits to be used for demonstrative (illustrative) purposes only will not be admitted as evidence and shall be shown to opposing counsel at least 24 hours prior to their use at trial. Exhibits about which no testimony is elicited at trial, will not be admitted as evidence.

    2.   <u>WITNESSES</u>

(a)     Counsel shall have their witnesses review, prior to taking the stand, all exhibits which counsel intends to question the witness about during direct examination.

(b)     Only one lawyer for each party may examine any one witness.

(c)     Counsel shall not approach a witness without first obtaining leave of court.

(d)     Counsel shall refrain from eliciting testimony regarding undisputed facts set forth in the parties' Pretrial Statement(s). If the case is being tried before a jury, the court will read the undisputed facts from the Pretrial Statement(s) at the appropriate time as determined by counsel.

(e)     If counsel intends to have a witness either draw diagrams, or put markings on visual exhibits or diagrams prepared by the party calling the witness, the witness shall do so <u>before</u> taking the stand. Once on the stand, the witness shall adopt the diagrams and/or markings and explain what they represent. If the diagram or visual exhibit is prepared by the opposing party, the witness shall not make any markings on the diagram or exhibit unless requested to do so by the opposing party.

(f)     Counsel are expected to have sufficient witnesses ready to testify each trial day. Any gaps in trial time occasioned by the failure to have a witness ready shall be counted toward the party's allocated trial time in cases where the parties have been allocated a specific amount of trial time pursuant to Fed. R. Civ. Pro. 16(c)(15) and <u>General Signal v. MCI Telecommunications Corp.</u>, 66 F. 3d 1500 (9th Cir. 1995). Counsel are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order if necessary. Every effort shall be made to avoid calling a witness twice.

(g)     When the court recesses each day, counsel shall inform opposing counsel of which witnesses counsel intend to call during the next trial day.

3.     <u>DEPOSITIONS</u>

The deposition of an adverse party may be used for any purpose. The deposition of a witness not a party may be used for impeachment or if the witness is unavailable as described in Fed. R. Civ. P. 32(a)(3). If the deposition is being used for impeachment, it is

unnecessary to ask the witness if he/she recalls the testimony or otherwise lay a foundation. Simply identify the deposition, page and line numbers--so that opposing counsel may review the

1  deposition to determine if the identified excerpt is in fact impeaching--and read the relevant

2  portion.  Opposing counsel may then immediately ask to read any additional testimony that is

3  necessary to complete the context.

4        If a deposition is introduced because a witness or party is unavailable, do not offer the

5  deposition wholesale; rather, counsel shall only offer copies of the relevant portions of the

6  transcript which may be read into the record at jury trials or may be submitted to the court for its

7  review at court trials.  If submitted rather than read, the submission shall be made jointly and the

8  excerpts selected by each party shall be highlighted in a different color.

9        4.   <u>OBJECTIONS</u>

10        To make an objection, counsel shall rise, say "objection," and briefly state the legal ground

11  (e.g. "hearsay," "irrelevant").  There shall be no "speaking objections" or argument from either

12  counsel unless requested by the court.

13        5.   <u>SIDEBARS</u>

14        Bench conferences during jury trials will be permitted only for truly extenuating

15  circumstances.  All matters of substantial evidentiary importance must be raised by motion in

16  limine so that they may be resolved prior to trial.  Disputes regarding witnesses or exhibits will be

17  resolved, to the extent possible, at the pretrial conference.  If any other disputes will be addressed

18  either before the trial day commences, during a recess, or at the end of the trial day.  Counsel are

19  expected to assist the court in ensuring that there is a minimum amount of "down time" for the jury.

20  Trial hours will be between 8:30 a.m. and 1:30 p.m. with two fifteen minute breaks, unless

21  otherwise ordered by the court.

22        6.   <u>MOTIONS</u>

23        After trial commences, no written motions shall be filed except with leave of court.

24        IT IS SO ORDERED.

25  Dated: August 26, 2005

                                   _____

26                               PHYLLIS J. HAMILTON
                             United States District Judge

27

28